UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| LEGACY ROOFING SERVICES LLC, | : : : | CASE NO. 1:23-cv-01341 |
| Plaintiff, | : : : | ORDER [Resolving Docs. 7, 8] |
| v. | : : | |
| MICHAEL FUSCO, et al., | : : | |
| Defendants. | : : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Legacy Roofing Services LLC is suing its former employee, Michael Fusco, and Fusco's current employer, Facility Products & Services LLC ("FPS Roofing") for misappropriation of trade secrets and violations of a non-solicitation clause in Fusco's employment contract.

While working at Plaintiff Legacy Roofing, Defendant Fusco managed Legacy's client roofing services relationships.[1] As part of his employment, Fusco signed a contract containing a non-solicitation clause, which provided that he would not solicit business from Legacy's clients for two years after he left Legacy.[2]

According to Plaintiff, in March 2023, Fusco left his job at Legacy Roofing.[3] Near the same time, Legacy Roofing alleges that Fusco accessed and may have downloaded proprietary customer information onto a portable hard drive.[4] After beginning work at

---

[1] Doc. 1 at ¶ 29.
[2] Doc. 1-1 at ¶ 2.1.
[3] Doc. 1 at ¶¶ 44–46.
[4] *Id.* at ¶¶ 44–55.

Case No. 1:23-cv-01341
GWIN, J.

Defendant FPS Roofing, Fusco allegedly used that Legacy Roofing information to solicit former clients.[5]

Plaintiff Legacy Roofing sued, initially in state court and, after dismissing its state lawsuit, in this Court.[6] Shortly after filing its lawsuit in this Court, Plaintiff filed motions for a preliminary injunction,[7] for expedited discovery of information relevant to the preliminary injunction motion,[8] and for leave to file a document under seal to support its preliminary injunction motion.[9]

For the reasons that follow, the Court **DENIES** leave to file under seal, **GRANTS** expedited discovery, and **DEFERS** ruling on the preliminary injunction motion until after completion of expedited discovery.

## I. MOTION TO FILE UNDER SEAL

Plaintiff Legacy Roofing seeks to file under seal a column of metadata from the forensic analysis of the work laptop that Defendant Fusco used while employed at Legacy.[10] Plaintiff claims that the column contains location, file path, and other metadata that reveal the identity of Legacy clients and "specific project-related information."[11]

The sealing of court records is an exception, not the rule. As the Sixth Circuit has explained, there is a "strong presumption in favor of openness as to court records."[12] To overcome this presumption, the party seeking to seal records must show: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest

---

[5] Doc. 1 at ¶¶ 56–90.
[6] *Id.* at ¶¶ 80–81.
[7] Doc. 6.
[8] Doc. 7.
[9] Doc. 8.
[10] Doc. 8-1.
[11] *Id.* at 2.
[12] *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted) (internal quotation marks omitted).

- 2 -

Case No. 1:23-cv-01341
GWIN, J.

in accessing the records; and (3) that the request is narrowly tailored."[13] Plaintiff has failed to satisfy this test.

First, Plaintiff Legacy Roofing has not shown that it has a compelling interest in sealing. Legacy has not explained why the identities of its clients must be kept confidential, and the Court does not understand how disclosing the identities of some clients would allow competitors to gain an unfair advantage over Legacy. Indeed, Legacy has disclosed the identities of several of its clients in its complaint.[14]

Nor is there a compelling interest in sealing unspecified "project-related information." Without more detail about the type of information included in this broad category, the Court cannot tell if disclosure would competitively harm Plaintiff.

Second, because Plaintiff Legacy Roofing has failed to show any compelling interest, there is no interest weighing against the public's "interest in ascertaining what evidence and records the [Court has] relied upon in reaching [its] decisions."[15]

Finally, even if Plaintiff Legacy Roofing had shown a compelling interest, it still failed to demonstrate that sealing an entire column of the forensic analysis is narrowly tailored. At multiple points in its complaint, Legacy revealed the file paths or file names of documents in whole or only partially redacted, demonstrating that there is a significant amount of information in that column that need not be withheld from the public.[16]

---

[13] *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).
[14] *See, e.g.*, Doc. 1 at ¶ 59.
[15] *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1181 (6th Cir. 1983)).
[16] *See, e.g.*, Doc. 1 at ¶¶ 45, 48, 51–52, 66, 76, 84.

Case No. 1:23-cv-01341
GWIN, J.

The Court therefore **DENIES** Plaintiff's motion for leave to file under seal. If Plaintiff wishes to renew its motion, it must at least describe its compelling interest in greater detail and ensure that any redactions are more narrowly tailored.

## II. MOTION FOR EXPEDITED DISCOVERY

Plaintiff Legacy Roofing also moves for expedited discovery in support of its preliminary injunction motion. Specifically, Plaintiff requests that the Court allow it to serve ten document requests and ten interrogatories on each of the two Defendants as well as to take the depositions of Defendant Fusco and Defendant FPS Roofing's 30(b)(6) representative.[17] Plaintiff attached its proposed document requests and interrogatories to its motion for expedited discovery.[18] Defendants did not file opposition.

Courts may grant expedited discovery for good cause.[19] The fact that a preliminary injunction motion is pending weighs in favor of good cause but does not justify expedited discovery on its own.[20] Rather, a court must also weigh other factors, including whether the scope of proposed discovery is narrowly tailored to the needs of the preliminary injunction motion, the purpose and need for the requested discovery, and the burden imposed by the requested discovery.[21]

In this case, Plaintiff Legacy Roofing has a pending preliminary injunction motion. Plaintiff Legacy Roofing seemingly needs this relevant discovery. Without access to Fusco's portable hard drive, Legacy is unable to determine whether and what documents Defendant

---

[17] Doc. 7-1 at 5–6.
[18] Docs. 7-2 to -3.
[19] *Seaman Corp. v. Flaherty*, No. 5:20-CV-443, 2020 WL 11762201, at *1 (N.D. Ohio Mar. 10, 2020).
[20] *Id.*
[21] *Id.*; *McElroy v. Fresh Mark, Inc.*, No. 5:22-CV-287, 2023 WL 4904065, at *8 (N.D. Ohio Aug. 1, 2023); *Union Home Mortg. Corp. v. Everett Fin. Inc.*, No. 1:23-CV-996, 2023 WL 4209420, at *1 (N.D. Ohio June 27, 2023).

Case No. 1:23-cv-01341
GWIN, J.

Fusco may have downloaded.[22] And it would be difficult for Legacy to learn the extent to which Defendant Fusco may or may not be soliciting Legacy clients without discovery.

As such, the Court will **GRANT** Plaintiff's motion for expedited discovery. Because Defendants did not oppose the motion, the Court will not address the issues of burden or narrow tailoring in the first instance. Instead, it will permit Defendants to raise those issues as objections to Plaintiff's discovery requests.

Specifically, the Court **ORDERS**:

- Plaintiff may serve on Defendants the document requests and interrogatories attached to Plaintiff's motion for expedited discovery.

- By **September 26, 2023**, Defendants must serve their responses and objections to Plaintiff.

- The parties shall meet and confer regarding any disputes over Defendants' responses. If the parties cannot resolve a dispute on their own, they must file any motion to compel by **October 10, 2023**. No motion to compel will be entertained if the parties did not meet and confer.

- Document productions and written discovery must be completed by **October 31, 2023**.

- Plaintiff may take depositions of Defendant Fusco and Defendant FPS Roofing's 30(b)(6) representative. Such depositions must be completed by **November 21, 2023**.

- The parties may file supplemental briefs in support of or in opposition to the preliminary injunction motion by **December 5, 2023**. Any such brief should focus on the evidence collected in discovery and may not exceed **fifteen (15) pages**.

### III. CONCLUSION

The Court **DENIES** leave to file under seal and **GRANTS** expedited discovery as detailed above. The Court will **DEFER** ruling on the preliminary injunction motion until after

---

[22] Doc. 6-2 at ¶ 13.

Case No. 1:23-cv-01341
GWIN, J.

completion of expedited discovery. A hearing on the preliminary injunction is set for December 19, 2023, at 10:00 AM.

IT IS SO ORDERED.

Dated: September 12, 2023        *s/    James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE