UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| LEGACY ROOFING SERVICES LLC, | : | CASE NO. 1:23-cv-01341 |
|  | : |  |
|  | : | OPINION & ORDER |
| Plaintiff, | : | [Resolving Doc. 21] |
|  | : |  |
| v. | : |  |
|  | : |  |
| MICHAEL FUSCO, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this case, Plaintiff Legacy Roofing Services LLC has sued Defendants Michael Fusco and Facility Products & Services LLC (FPS Roofing) for misappropriation of trade secrets and violations of an employment contract non-solicitation clause. Plaintiff Legacy alleges that Defendant Fusco took proprietary customer information when he left a job at Legacy for a new job with Defendant FPS Roofing.[1] Legacy also alleges that Fusco has violated his non-solicitation clause by soliciting business from Legacy's clients.[2]

Plaintiff Legacy has asked the Court for a preliminary injunction preventing Defendants from soliciting Legacy's clients or from using Legacy's trade secrets.[3] Legacy also asked the Court for expedited discovery to support its preliminary injunction motion.[4]

On September 12, 2023, the Court granted Legacy's motion for expedited discovery and set a preliminary injunction hearing for December 2023.[5] In its order granting expedited

---

[1] Doc. 1 at ¶¶ 44–55.
[2] *Id.* at ¶¶ 56–90.
[3] Doc. 6.
[4] Doc. 7.
[5] Doc. 13.

Case No. 1:23-cv-01341
GWIN, J.

discovery, the Court did not decide whether Plaintiff Legacy could issue third-party subpoenas.

After the Court entered its order, Legacy subpoenaed Newmark Property Management, one of Legacy's customers.[6]  In its subpoena, Legacy seeks communications and agreements between Newmark and Defendants.[7]

Now, Defendants seek to quash the Newmark subpoena, arguing that the Court did not authorize subpoenas when the Court granted expedited discovery.[8]  Defendants also ask for a protective order preventing Legacy from serving any more subpoenas until discovery fully opens.[9]

Although the Court did not specifically address subpoenas in its expedited discovery order, it found that discovery was appropriate after weighing all relevant factors.[10]  As the Court noted, these factors include: the presence of a pending preliminary injunction motion; whether the scope of proposed discovery is narrowly tailored to the needs of the preliminary injunction motion; the purpose and need for the requested discovery; and the burden imposed by the requested discovery.[11]

The Court's weighing did not depend on the specific types of discovery requested. Rather, the Court explained that Plaintiff had a pending preliminary injunction motion and needed discovery "to learn the extent to which Defendant Fusco may or may not be soliciting Legacy clients."[12]

---

[6] Doc. 24 at 1.
[7] *See* Doc. 24-1 (Newmark subpoena).
[8] Doc. 21.
[9] *Id.*
[10] Doc. 13 at 4–5.
[11] *Seaman Corp. v. Flaherty*, No. 5:20-CV-443, 2020 WL 11762201, at *1 (N.D. Ohio Mar. 10, 2020); *McElroy v. Fresh Mark, Inc.*, No. 5:22-CV-287, 2023 WL 4904065, at *8 (N.D. Ohio Aug. 1, 2023); *Union Home Mortg. Corp. v. Everett Fin. Inc.*, No. 1:23-CV-996, 2023 WL 4209420, at *1 (N.D. Ohio June 27, 2023).
[12] Doc. 13 at 4–5.

Case No. 1:23-cv-01341
GWIN, J.

The Court's previous analysis of the expedited discovery factors applies equally to the Newmark subpoena. The subpoenaed documents could shed light on whether Defendants solicited business from Newmark. They are also potentially relevant to the described defense that Newmark initiated contact with Fusco and FPS Roofing.[13]

Indeed, the need for the Newmark subpoena is greater now than when the Court first granted expedited discovery. According to Legacy, on October 4, 2023, Defendant FPS Roofing stated that it would produce bids related to projects that Legacy also bid on.[14] But on October 11, 2023, one day after the deadline for filing motions to compel, FPS Roofing changed its mind and told Legacy that it would not produce those bid documents.[15]

While the Court has no basis to question FPS Roofing's good faith in making that decision, the effect of FPS Roofing's actions is that Legacy missed the deadline to compel. So, the only path forward for Legacy to gather potentially relevant bid documents is now through third-party subpoenas.

For these reasons, the Court **DENIES** the motion to quash and **DENIES** the request for a protective order. Because Defendants sought to quash the Newmark subpoena solely on the ground that the Court did not authorize Plaintiff Legacy to issue subpoenas, the Court expresses no opinion on whether the Newmark subpoena is appropriate in any other regard.

IT IS SO ORDERED.


Dated: October 19, 2023                    *s/      James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[13] Doc. 9 at 7.
[14] Doc. 24 at 2.
[15] *Id.* at 2–3; Doc. 13 at 5 (October 10, 2023 deadline for motions to compel).